UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CASTANEDA SOTO (A-Number: 219-802-836),<br><br>                        Petitioner,<br><br>            v.<br><br>WARDEN, California City Detention Center,<br><br>                        Respondent.[1] | No.  1:26-cv-00577-KES-SKO (HC)<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 7 |

Before the Court is petitioner Alberto Castaneda Soto's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

---

[1] "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent . . . ." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024).  Petitioner named as respondents both the warden of the California City Detention Center and the field office director of the San Francisco Field Office of U.S. Immigration and Customs Enforcement.  *See* Doc. 1.  As petitioner challenges only her present physical confinement, *see* Doc. 1, Prayer for Relief at ¶ 4, a core habeas challenge, the warden of California City Detention Center is the only proper respondent.  The motion to dismiss the field office director from this action is GRANTED.  *See* Doc. 6.

1

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5. The Court also ordered respondent to state his position on whether the motion should be converted to a motion for preliminary injunction and whether he requests a hearing. *Id.* Respondent states that he does "not have legal arguments to distinguish this case from prior orders issued by the Court, nor [does he] find material factual differences between this case and those identified by the Court."[2] *See* Doc. 7. While respondent opposes the motion, he does not raise any new arguments.[3] *See id.* at 1–2. He also does not object to converting the motion and waives oral argument. *See id.*

As respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the

---

[2] Respondent notes that petitioner was arrested in Florida and charged with two misdemeanors, for reckless driving and driving a vehicle without a valid license. Doc. 7 at 2. But respondents' records do not reflect that petitioner was found guilty of either offense. *See* Doc. 7; *cf. Duncan v. California*, No. S-04-523 LKK/PAN, 2006 WL 1883385, at *2 (E.D. Cal. July 7, 2006) ("The contention that an arrest, without more, constitutes evidence of criminal activity is without merit."). In any event, respondents do not argue that either misdemeanor charge would shift the statutory authority to detain petitioner to 8 U.S.C. § 1226(c), and they fail to show that the misdemeanor charges would affect the statutory interpretation issue examined in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

[3] Respondent also requests, in the alternative, that the Court hold this case in abeyance pending the appeals in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), and *Carballo v. Andrews*, No. 1:25-CV00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025). *See* Doc. 7 at 3. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. As this matter is being referred to the assigned magistrate judge for further proceedings, the magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

reasons stated in those prior orders.

Respondent is ENJOINED AND RESTRAINED from detaining petitioner Alberto Castaneda Soto (A-Number: 219-802-836) unless, within seven (7) days of the date of this Order, respondent provides petitioner with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.[4]

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:    March 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4] This Order does not address the circumstances in which the government may detain petitioner in the event he becomes subject to an executable final order of removal.

3